Taylor, Ch’f- Justice,
 

 delivered the opinion of the Court:
 

 The act of 1806 was made to put an end to litigation, perjury, and the difficulty of investigating ancient transactions, of which parol gifts of slaves had been so peculiarly prolific. With this view, the sixth clause requires that such gifts shall be in
 
 writing,
 
 signed by the donor, attested by at least one credible witness, and proved or acknowledged, and registered within one year, in the county where the donee resides, provided he be in the actual possession, otherwise to be registered in the county where the donor resides. From this general purview, the second proviso to the third section exempts the case of a gift from a parent to a child, of slaves which remain in possession of the child at the time of the death of the parent, intestate. In such case, the slave or slaves are to be considered as an advancement to the child, and to be regulated by the laws then in force relating to advancement, made to children by a parent in his life-time. The case described in this proviso has then occurred in the state of facts exhibited in this
 
 case;
 
 and no law then in force permitted the recovery of an advancement by the representatives of the parent. It is a gift, or not, at the option of the child advanced ; if, at the death of the parent, he elect to bring it into hotchpot, he may do so, and come in for a distributive share; but if he be satisfied with what he has received, he may consider it as a gift, and a gift protected by this proviso. There is nothing in the language of the proviso, from which an intention in the legislature can be inferred to confine its operation to gifts theretofore made. If such only had been intended, it is highly probable that the language used would have been more explicit, and more expressive of such an intent. But the words
 
 “ shall have put”
 
 clearly embrace the case before us. There must be judgment for the Defendant.